# UNITED STATES COURT OF APPEALS
### Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J.  Fisher, Jr.                                    Elisabeth A. Shumaker
Clerk                                                     Chief Deputy Clerk

September 10, 1996

**TO:** ALL RECIPIENTS OF THE CAPTIONED ORDER & JUDGMENT

**RE:** 95-2198 USA v. Ramirez
    August 26, 1996 by The Honorable Carlos F. Lucero

Please be advised of the following correction to the captioned decision:

The first line of page two was omitted.

A corrected Order and Judgment is attached

Very truly yours,

Patrick Fisher, Clerk

Beth Morris
Deputy Clerk

encl.

UNITED STATES OF AMERICA,

     Plaintiff - Appellant,

v.

LINDA SAINZ RAMIREZ,

     Defendant - Appellee.

No. 95-2198
(D.C. No. CR-95-90-02-JP)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **REAVLEY**[**] and **LUCERO**, Circuit Judges.

Defendant Linda Ramirez pled guilty in district court to charges of possession with intent to distribute cocaine and marijuana. At sentencing, the court granted defendant a downward departure of six levels from the offense level recommended in the presentence report, due to a combination of Ramirez's physical and mental condition and her family responsibilities. Accordingly, the court imposed concurrent terms of 12 months

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

imprisonment, rather than the recommended 30-37 months. The government timely appealed. Exercising jurisdiction pursuant to 18 U.S.C. § 3742(b)(2), we affirm.

On December 15, 1994, the defendant pulled into a border patrol checkpoint north of Las Cruces, New Mexico. A border patrol agent searching her car found approximately 30.5 pounds of marijuana in the spare tire well in the trunk. When arrested, the defendant admitted that she knew the marijuana was in the car and that she was to be compensated for transporting it from El Paso, Texas to Albuquerque, New Mexico. She was released pending indictment.

During the month of January 1995, Manuel Beltran-Leon arranged with an informant to sell cocaine to an undercover police officer, and told the informant that the cocaine was being stored in the defendant's residence. On January 24, Beltran-Leon met with the informant in a motel room, and agreed to have the defendant bring the cocaine to the officer. When Ramirez arrived with a package containing approximately 424.7 grams of cocaine, she, Beltran-Leon and two other co-defendants were arrested. Defendant admitted that she was holding the cocaine for Beltran-Leon.

In May 1995 the defendant pled guilty to one count of possession with intent to distribute less than 500 grams of cocaine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); 18 U.S.C. § 2, and one count of possession with intent to distribute less than 50 kilograms of marijuana, 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); 18 U.S.C. § 2. The probation officer recommended a sentencing range of 30-37 months.

Prior to sentencing, the defendant requested a downward departure. In its motion and during sentencing, the defense contended that the following factors warranted a departure: (1) poor health (including diabetes); (2) extreme obesity; (3) severe depression; (4) defendant's daily care for her mother, a bed-ridden stroke victim; (5) provision of assistance to her elderly father; and (6) sole care for her 14-year-old son. Defendant also contended that her health problems would render her particularly vulnerable in prison.

The court granted a downward departure of six levels, based on a combination of the factors set forth by the defendant, pursuant to USSG § 5K2.0. This reduced the guideline imprisonment range from 30-37 months to 12-18 months. The court then imposed a prison sentence at the bottom of that range: 12 month concurrent sentences. In addition, the court imposed a three-year period of supervised release and a special assessment of $100.

A district court is required to impose a sentence within the Guideline range unless it determines "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). In making this determination, the sentencing court is to consider only the Guidelines, policy statements and commentary of the Commission. Id. We

review such determinations for abuse of discretion. <u>Koon v. United States</u>, 116 S. Ct. 2035.

This case does not implicate any factors which can *never* be the basis for a departure. Aside from such factors -- race, sex, national origin, creed, religion, socio-economic status, § 5H1.10; lack of guidance as a youth and similar circumstances, § 5H1.12; drug or alcohol abuse, § 5H1.4; and economic hardship as a form of duress, § 5K2.12 -- the Guidelines state that "the Commission does not intend to limit the kinds of factors, whether or not mentioned anywhere else in the guidelines, that *could* constitute grounds for departure in an unusual case." USSG ch. 1, pt. A, intro. comment. 4(b) (emphasis added).

Nonetheless, all of the factors asserted here are either discouraged or unmentioned grounds for departure. Mental, emotional and physical condition, as well as family ties and responsibilities are "not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." §§ 5H1.3, 5H1.4 and 5H1.6. Accordingly, "the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." <u>Koon</u>, 116 S. Ct. at 2045 -- in other words, if the factor takes the case out of the "heartland" of typical cases, § 5K2.0. Regarding vulnerability in prison, a factor not mentioned in the Guidelines but approved by the Court in <u>Koon</u>, the court must, "after considering the structure and theory of both relevant individual guidelines and the

Guidelines taken as a whole, decide whether it is sufficient to take the case out of the Guideline's heartland." Koon, 116 S. Ct. at 2045 (quotation and citation omitted). Finally, the Guidelines commentary states that

> [t]he Commission does not foreclose the possibility of an extraordinary case that, *because of a combination of such characteristics or circumstances*, differs significantly from the 'heartland' cases . . . *even though none of the characteristics or circumstances individually distinguishes the case*. However, the Commission believes that such cases will be extremely rare.

§ 5K2.0, comment. (emphasis added).

The district court granted a downward departure under § 5K2.0, based on several factors which it concluded would not suffice to justify a departure individually "but that, in sum, . . . present a situation that is unusual to a degree not taken into account by the Sentencing Commission." Doc. 72 (District Court Judgment). We conclude that the departure was not an abuse of the court's discretion.

We **AFFIRM**. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge